Harold L. Wood, J.
In this article 78 proceeding, petitioner *385 seeks a judgment vacating and setting aside the decision of respondent Ternullo (Reid) made pursuant to a superintendent’s proceeding (7 NYCRR 253) on the grounds of its invalidity and ordering the expunging of all entries thereof from petitioner’s institutional records and restoring petitioner to the status enjoyed by him prior to said proceeding.
While a participant in a work release program at another correctional facility, it is alleged that, on December 8, 1976, petitioner committed two breaches of prison regulations. As a result thereof, he was directed to appear before an adjustment committee on December 21, 1976 which on that date reported, as its disposition, the recommendation for a superintendent’s proceeding.
It is contended, initially, that regarding the adjustment committee proceeding, petitioner was not given at least 24 hours advance written notice of the charges against him as mandated by the Inmate Grievance Program. This contention is not disputed by respondents. It is not clear from the papers before the court whether the adjustment committee ordered that petitioner be keep locked pending the superintendent’s hearing. What does appear clearly, though, is that despite 7 NYCRR 252.1 (b) which requires such a committee to be composed of three employees, no compliance therewith appears in the papers. While the committee’s disposition and report may be made by two members (7 NYCRR 252.4 [d]), there must be evidence of an initial compliance with the three-member requirement.
By notice dated December 21, 1976 (or Dec. 22, 1976) petitioner was notified that a superintendent’s hearing was to be held on January 5, 1977 before one Mr. Pond whose title was omitted therefrom but who, concededly is an institution steward. 7 NYCRR 253.2 (d) directed that the person appointed to conduct such a proceeding "should be either the superintendent or a deputy superintendent, but the superintendent may, if sufficient reason exists, designate some other employee to conduct the proceeding.” (Emphasis supplied.) No explanation or "sufficient reason” has been advanced for the designation of one other than the superintendent or deputy superintendent. It has been held that designation of an improper hearing officer voids the proceeding ab initia (People ex rel. Fisher v Warden, 74 Misc 2d 820).
Further, the said notice merely advised petitioner that "Mr. Guerino Di Loreto, Correction Counslor [sic] (appointed).” 7 *386 NYCRR 253.3 (a) states that: "The person appointed to conduct the proceeding shall designate an employee to furnish assistance to the inmate. Such employee shall be of the inmate’s choice selected from a list of available employees established by the superintendent, or any other employee upon approval of the superintendent.”
While respondents, in their answer contend that Mr. Di Loreto "was selected by petitioner” this fact is controverted by petitioner who insists that such designation was made on the statement of formal charges. In any event, respondents have not submitted any list of available employees from which petitioner might have made his independent selection.
Other and numerous contentions have been advanced by petitioner attacking the validity of the superindendent’s proceeding. These contentions have not been dealt with by this court since it appears from the discussion above that petitioner has advanced sufficient reasons to justify the granting of the relief sought.
Accordingly, the determination made at the superintendent’s proceeding is hereby vacated and set aside, all entries thereof are ordered expunged from petitioner’s records and he shall be restored to the status enjoyed by him prior thereto.